# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

SHANE MARCUM,

      Plaintiff,

v.                                   CIVIL ACTION NO.   2:25-cv-00343

CO WELLMAN and
CO JOHN DOE,

      Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed motions in limine filed by the Plaintiff, together with the Defendant's responses, and provides the following rulings to assist the parties in their trial preparation.

The Court has reviewed *Plaintiff's Motion in Limine to Attend Trial Without Restraints and to Attend Trial Wearing Civilian Clothing* (Document 15) and *Defendant CO Wellman's Response to Plaintiff's Motion in Limine to Attend Trial Without Restraints and to Attend Trial Wearing Civilian Clothing* (Document 20). Mr. Marcum argues that wearing appropriate court attire, being free of restraints, and being referred to by name rather than terms such as "inmate" or "prisoner" are necessary to ensure fundamental fairness. The Defendant indicates that he has no objection to referring to the Plaintiff by name. He takes no position on the use of restraints, but notes that Mr. Marcum has a sentence of over 20 years for committing a home invasion that resulted in a murder and is currently housed in the Segregation Unit at Mount Olive Correctional

Complex.  As to clothing, the Defendant argues that the jury will know that Mr. Marcum is incarcerated based on the nature of the claims, and so civilian clothing is unnecessary.

The Court finds that civilian clothing will limit any risk of prejudice based on Mr. Marcum's incarcerated status, and that there is no countervailing interest in his appearing in prison attire.  Likewise, Mr. Marcum, and all litigants, should be referred to by name.  Therefore, the motion will be granted as to Mr. Marcum's request to wear civilian clothing and be referred to by name.  However, based on the asserted security concerns, the Court finds that some use of restraints may be appropriate, and will permit the Marshals, in consultation with WVDCR, to determine whether restraints are necessary to ensure security in the courtroom.  Thus, the Court **ORDERS** that the *Plaintiff's Motion in Limine to Attend Trial Without Restraints and to Attend Trial Wearing Civilian Clothing* (Document 15) be **GRANTED in part and DENIED in part**, as set forth herein.

Next, the Court has reviewed Plaintiff's *Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 16) and *Defendant CO Wellman's Response to Plaintiff's Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 18).  The Plaintiff argues that his disciplinary record constitutes inadmissible character evidence and should be excluded.  The Defendant indicates that he would seek to use the Plaintiff's disciplinary record only if the "Plaintiff makes it an issue or for impeachment purposes," and would request a bench conference to seek permission outside the presence of the jury.  (Def.'s Resp. at 1, Document 18.)  Finding the procedure proposed by the Defendant to be appropriate, the Court **ORDERS** that the Plaintiff's *Motion in Limine to Exclude Plaintiff's Prison Disciplinary Record Unrelated to Subject Incident* (Document 16) be

2

**GRANTED**, and that the Plaintiff's disciplinary record be excluded unless the Court finds its admission appropriate following a bench conference.

Finally, the Court has reviewed *Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 17) and *Defendant CO Wellman's Response to Plaintiff's Motion in Limine to Exclude Criminal Convictions of Plaintiff* (Document 19). The Plaintiff argues that his criminal convictions should be excluded under Rules 401-403 and 609 of the Federal Rules of Evidence because they are irrelevant, do not involve dishonesty, and any probative value is substantially outweighed by the danger or unfair prejudice, confusion, and/or misleading the jury. The Defendant argues that the fact that the Plaintiff is a convicted felon should be permitted,[1] and states that he would request a bench conference prior to putting forward evidence or eliciting testimony. Again, the Court finds the procedure proposed by the Defendant to be appropriate, and therefore **ORDERS** that the *Plaintiff's Motion in Limine to Exclude Criminal Convictions* (Document 17) be **GRANTED**, and that the Plaintiff's criminal convictions be excluded unless the Court finds them admissible following a bench conference.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Office of the United States Marshal, to counsel of record, and to any unrepresented party.

ENTER:    July 29, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

1 Because the allegations at issue took place in a correctional facility, the Court finds no prejudice in informing the jury that the Plaintiff is a convicted felon in general terms, without reference to the nature of his conviction(s).

3